344 A.2d 884

**COMMONWEALTH of Pennsylvania**

v.

**Herman A. BLAIR, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 8, 1973.

Decided Oct. 3, 1975.

Joel M. Breitstein, Lebanon, for appellant.

George E. Christianson, Dist. Atty., Lebanon, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellant, Herman A. Blair, was convicted of murder in the second degree following the entry of a plea of guilty to murder generally. A term of imprisonment of eight (8) to sixteen (16) years was imposed. No direct appeal was taken.

On April 26, 1973, appellant filed a petition under the Post Conviction Hearing Act[1] alleging that his plea was not voluntarily, knowingly, and intelligently entered because he was not advised of his right to a jury trial. Although appellant requested counsel and alleged indigency, the trial court denied his petition without appointing counsel and without holding a hearing. Appellant then requested counsel for the purpose of perfecting the instant appeal. That request was granted and this appeal followed.

Two issues are presented for consideration by this Court. First, is appellant entitled to a new trial because his guilty plea was taken without compliance with Pennsylvania Rule of Criminal Procedure 319(a) and, second, was appellant wrongfully denied a hearing on his petition? Upon a thorough review of the petition, we find no basis for granting relief.

Initially, the claim of an involuntary and unintelligent guilty plea was cognizable on direct appeal. *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974); *Commonwealth v. Hill*, 457 Pa. 1, 7, 319 A.2d 886 (1974); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A. 2d 77 (1974). Rather than pursue this course, appellant waited thirteen months and then filed his petition under the Post Conviction Hearing Act. However, under Sec-

---

1. Act of January 25, 1966, P.L. (1965) 1580 et seq., 19 P.S. § 1180–1 et seq. (Supp.1974–75).

tions 4(b)(1) and (2),[2] the availability of collateral relief under this Act is predicated upon a showing of extraordinary circumstances to justify the failure to take a direct appeal. Appellant has made no attempt to meet this requirement. Accordingly we find this issue has been waived. See generally *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611; see *Commonwealth v. Hines*, 461 Pa. 271, 336 A.2d 280 (1975).

■■ Nor is there merit to the contention that the lower court erred in denying a hearing on the petition. Section 9 of the Act provides in pertinent part:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner."

While mindful that appellant's claim, if properly presented would entitle him to relief if proven, the lower court was correct in refusing a hearing when appellant failed to allege a denial of his *Douglas*[3] rights so as to

2. Sections 4(b) and (c) of the Act provide:
  (b) For the purposes of this act, an issue is waived if:
  (1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and
  (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.
  (c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

3. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

prevent waiver of the issue upon which he sought relief.[4] *Commonwealth v. Johnson*, 431 Pa. 522, 533, 246 A.2d 345 (1968).

Accordingly, the order is affirmed.

---

4. .While this may not have been the basis for the lower court's decision, we may affirm an order if it is correct for any reason. *Commonwealth v. Tunnell*, 463 Pa. 464 n. 2, 345 A.2d 612 n. 2 (filed this date); *Commonwealth v. Hines*, 461 Pa. 271 n. 3, 336 A.2d 280, n. 3 (1975).