468 A.2d 1375

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Edward Eugene LOHR, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 12, 1983.

Decided Dec. 6, 1983.

132

Edward Eugene Lohr, I.P.P., for appellant.

David L. Cook, Dist. Atty., Robert F. Hawk, Asst. Dist. Atty., Butler, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant Edward Eugene Lohr appeals *pro se* from the affirmance by Superior Court[1] of the Court of Common Pleas' dismissal, without hearing, of his petition under the Post Conviction Hearing Act (PCHA),[2] challenging the legality of the imposition of a separate sentence for each of the crimes of which he was convicted, statutory rape and attempted murder. In his appeal to this Court, appellant additionally seeks reversal of his convictions on grounds of ineffective assistance of both post-conviction and trial counsel, claims apparently raised for the first time.[3] We affirm.

On Halloween night, 1977, the 13 year old victim was hitchhiking with a female companion. They accepted a ride offered by appellant and three other men. The victim was eventually taken to a cottage, where she engaged in various sexual acts with appellant that night and the following day. The evening of that second day, she was taken into a

1. *Commonwealth v. Lohr,* 297 Pa.Superior Ct. 565, 441 A.2d 775 (1982).

2. Act of January 25, 1966, P.L. [1965] 1580, No. 554, § 1 *et seq.* as amended, 19 P.S. § 1180–1 *et seq., repealed* by Section 2(a) of the Act of April 28, 1978, P.L. 202, No. 53, repeal effective June 27, 1980, *as amended* by Section 1 of the Act of June 26, 1980, P.L. 265, No. 77, § 2, delaying repeal until June 27, 1981.

3. This appeal arises as a result of appellant's filing of a second PCHA petition in the Court of Common Pleas of Butler County after the time for appeal from the Superior Court's denial of relief from appellant's first PCHA petition had passed. Although the record does not indicate the relief sought by the second PCHA petition, the Court of Common Pleas granted leave to the appellant to file a petition for allowance of appeal to this Court *nunc pro tunc,* which petition was granted. The Superior Court opinion, from which appellant was granted leave to appeal *nunc pro tunc,* addressed the issue of the dismissal, without hearing, of appellant's first PCHA petition challenging the legality of sentence imposed; we cannot determine with certainty what other issues, if any, were presented to Superior Court and which, by virtue of the Superior Court affirmance, were deemed nonmeritorious. Accordingly, for the sake of judicial economy, we address the additional issues raised by petitioner. While this procedure is admittedly irregular, it is merely a concession to this Court's grant of allocatur, undertaken apparently without full knowledge of the procedural irregularities of the case.

wooded area where she was stabbed in the chest and back by appellant a number of times with an ice pick and hit over the head with a hatchet by appellant's co-actor Chester Fulton. She was abandoned but managed to seek aid and recovered to testify at trial. Appellant was convicted of statutory rape, 18 Pa.C.S.A. § 3122, and attempted murder, 18 Pa.C.S.A. § 2502. Appellant was sentenced for each conviction to a term of imprisonment of not less than five years nor more than ten years, sentences to run consecutively.

■ Appellant argues that Superior Court erred in affirming the summary dismissal of his first PCHA petition which asserted that the doctrine of merger in sentencing was applicable to these crimes. The Post Conviction Hearing Act provides that the court, when presented with a petition under the act, shall order a hearing unless the petition presents a claim which is "patently frivolous," in which case the petition may be dismissed without hearing. Post Conviction Hearing Act, *supra*, § 1180–9. The doctrine upon which appellant relies provides that where the crimes arise from the same act and where one crime necessarily involves another, the crimes have merged and a defendant may not be sentenced separately for each crime. *Commonwealth v. Ayala*, 492 Pa. 418, 424 A.2d 1260 (1981). On the evening of October 31 and the day of November 1, appellant engaged in sexual relations for which he was convicted of statutory rape. In the early evening of November 1, he inflicted wounds with a deadly weapon, an ice pick, upon a vital area of the victim's body, her chest and back, for which he was convicted of attempted murder. The crimes do not arise from the same act and, thus, appellant's argument is "patently frivolous" and the Superior Court affirmance of the dismissal by the Post Conviction court without hearing was correct.

The first of appellant's allegations of ineffective assistance of counsel presented to this Court is a layered claim charging that post conviction counsel was ineffective for

failing to allege the ineffectiveness of trial counsel[4] due to his failure to object to a variance between the information filed charging rape under 18 Pa.C.S.A. § 3121 and the jury verdict finding appellant guilty of statutory rape, 18 Pa.C. S.A. § 3122. The rape information filed in this case read:

THE DISTRICT ATTORNEY of BUTLER COUNTY by this information charges that on or about the 31st day of October, 1977, and November 1, 1977, in Jackson Township, the defendant above named, in the County of Butler, did on or about said dates in Jackson Township, Butler County, Pennsylvania, in company with JOHN LANG, CHESTER FULTON and ROBERT HARRIS, willfully and unlawfully, knowingly and intentionally engage in sexual intercourse with one, Irene Strothers, *age 13, by forcible compulsion or threat of same,* on October 31, 1977 and November 1, 1977, the said incidents taking place in a cottage in said Township.

all of which is against the Act of Assembly and the Peace and dignity of the Commonwealth of Pennsylvania. Section 3121 of the Crimes Code.

18 P.S. Sec. 3121 [Rape] (Felony 1st.) Citation of Statute and Section

[Sig.] John H. Brydon[5] Attorney for the Commonwealth

(Emphasis supplied.)

■ If there exists a variance between the allegations of an information and proof at trial, such variance is harmless error unless a defendant could be misled at trial, prejudicially surprised in efforts to prepare a defense, precluded from

---

**4.** *See* this writer's dissenting opinion in *Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431 (1980) (Flaherty, J., dissenting), denouncing this method of endlessly raising allegations of trial error.

**5.** Appellant asserts that a rubber stamp facsimile of the signature of the District Attorney was used on the informations filed against him. Not only would appellant's objection be without merit in view of our recent decision in *Commonwealth v. Emanuel,* 501 Pa. 581, 462 A.2d 653 (1983), but the two informations filed against appellant are signed personally and individually in ink by John H. Brydon, then District Attorney of Butler County.

anticipating the prosecution's proof, or otherwise impaired with respect to a substantial right. *Commonwealth v. Kelly*, 487 Pa. 174, 409 A.2d 21 (1979). In addressing a charge that there exists a fatal variance, we must first inquire whether a variance indeed exists. Absent an initial determination of variance, we do not reach the inquiry set forth in *Kelly, supra,* regarding the possibility of prejudice to the accused.

We have determined that the information effectively charged both statutory rape and forcible rape and, as such, the information was not at variance with the proof of statutory rape adduced at trial. The information charged that appellant had engaged in sexual intercourse with a thirteen year old female. The additional allegation that the rape was nonconsensual merely preserved the right of the Commonwealth to present evidence at trial that the rape was forcible; it did not foreclose proof of statutory rape. That the information refers to a specific section number of the Crimes Code is unfortunate but not fatal. The offense charged and on what statute it is founded is to be determined from the allegations in the information. *Hammer v. U.S.,* 271 U.S. 620, 628, 625, 46 S.Ct. 603, 604, 70 L.Ed. 1118, 1120 (1926); *United States v. Nixon,* 235 U.S. 231, 235, 35 S.Ct. 49, 50, 59 L.Ed. 207, 209 (1914); *U.S. v. Kuzma,* 141 F.Supp. 91, 92 (E.D.Pa.1954).

Furthermore, the statutes defining the crimes of rape and statutory rape do so in such a manner that the crimes are not mutually exclusive. Formerly, the crime of statutory rape required proof of consent by the victim, 18 P.S. § 4721, *repealed,* Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1 eff. June 6, 1973, and such proof excluded the possibility of conviction of the offense of rape, the *non-consensual* carnal knowledge of a female of any age. Thus, in *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976), this Court held that, due to the distinction between the crimes based on presence or lack of consent, those prior definitions of rape were mutually exclusive. This distinction of rape was mutually exclusive. This distinction has

been abandoned by the Legislature. Under 18 Pa.C.S.A. § 3122, the crime of statutory rape is committed by engaging in sexual intercourse with a person, not a spouse, who is less than 14 years of age, regardless of consent. Under 18 Pa.C.S.A. § 3121, the crime of rape is defined in such a manner that the dispositive feature is absence of consent in the victim regardless of age. Because the current offense of statutory rape does not require proof of consent, intercourse by force, if the female is under the age of 14, may constitute both the offense of rape and statutory rape. Therefore, the information filed merely reflects this intermingling of offenses where the offense is one of force against a female less than 14 years of age. Appellant's argument being without merit, counsel will not be deemed ineffective for failing to pursue the issue. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

■ Next, appellant argues that post-conviction counsel was ineffective for failing to attend appellant's co-actor's re-trial during which the attorney for the Commonwealth expressed the view that appellant was not the actor guilty of attempted murder but that it was another of the four men, Harris. The attorney for the Commonwealth, in making an offer of proof when calling a witness, stated:

> I am calling him to show that he is part owner with his sister. He lived in this cottage. He was in the cottage. Chester [Fulton, co-actor] was there. Chester left at four-thirty with another man, *I believe it wasn't Lohr, [appellant], it was Mr. Harris*, and when he returned, [the victim] never came back.

*Commonwealth v. Chester Fulton*, Notes of testimony, June 21, 1981, p. 189. The victim, however, steadfastly maintained in the re-trial of Chester Fulton, as she did in appellant's trial, that it was indeed appellant Lohr who stabbed her. Thus, the evidence of the victim's testimony is dispositive and the prosecutor's statement of opinion merely gratuitous. Appellant's argument is without merit.

138

Appellant further charges that appointed post-conviction counsel was ineffective in failing to amend appellant's first *pro se* post-conviction petition and in failing to adequately pursue, as ordered, appeal to this Court. When presented with appellant's first PCHA petition, appointed counsel wrote twice to appellant stating that there was no basis for the filing of an amended petition. The *pro se* petition, which apparently presented only the issue of the legality of sentence, was not amended. Additionally, appellant avers that in preparation for appeal to this Court, the same appointed counsel submitted to appellant a proposed four page petition. Appellant, with the assistance of a "jailhouse lawyer" prepared a more lengthy petition for allowance of appeal, abandoning that prepared by counsel. Allowance of appeal was granted and again appellant presented a lengthy brief prepared with the assistance of the "jailhouse lawyer".

Where counsel believes that an appeal would be wholly frivolous the procedure to be pursued is set forth in *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981) (*McClendon*) requiring that counsel seek to withdraw by so petitioning the court and filing an *Anders* [6] brief setting forth claims of "arguable merit." This requirement is intended to act as a reconciliation between disparate views: first, counsel's belief that an appeal would be wholly frivolous and, second, the right of an indigent defendant to enjoy representation commensurate with that available to more monied defendants. Submission of an *Anders* brief induces the court's review of the potential merit of an appeal before ruling on counsel's application to withdraw. As stated in *McClendon*, the goal is an independent determination of the merit of an appeal by a reviewing court.

Here, counsel's actions are clearly outside the requirements of *McClendon*. However, the goal pursued by *McClendon*, review of the merit of the appeal, is fulfilled by the instant review, negating the possibility of prejudice

6. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *reh. denied* 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967).

inuring to appellant from the omissions of counsel. Furthermore, notwithstanding counsel's dereliction, any relief this Court might extend to appellant would be merely duplicitous of the instant review and, thus, consistent with principles of judicial economy, we decline the opportunity to remand for proceedings consistent with *McClendon.*

Finally, appellant argues that counsel was ineffective for failing to appeal to this Court the Superior Court's denial of relief on the issue of an alleged abuse of discretion in the trial court in granting an extension of time for commencement of trial under Pa.R.Crim.P. 1100(c).

Two separate complaints were filed against appellant, the first, dated November 1, charged appellant with rape, the second, dated February 24, charged appellant with attempted murder. Between November 1 and February 24, the Commonwealth was working under the misapprehension that it was co-actor Harris, who was fugitive during this interim, who attempted the murder rather than appellant. The February 24 complaint was filed as a result of information gained at the preliminary hearing of co-actor Harris at which the victim identified appellant as one of the actors who attempted to murder her. In addition, by Order of Court dated March 17, 1978, the Commonwealth was ordered to try the charge of rape with the charge of attempted murder.

In its application for extension, the Commonwealth averred that the 180 days would run against the Commonwealth on the rape charge before the Commonwealth would be prepared to go to trial on the attempted murder charge and that the late identification of appellant as the actor who attempted to murder the victim occurred due to the unavailability of co-actor Harris. The trial court in granting the extension stated: "[t]his is not a case of the Commonwealth holding back and laying additional charges on defendant. It required investigation to ascertain which of these four men were legitimate suspects in the attempted murder." Trial court opinion at 2, (April 26, 1978). This determination is within the realm of discretion of the trial

court and absent an abuse of discretion, a grant of extension of time will not be overruled on appeal. The decision of the trial court to permit the Commonwealth an extension of time to consolidate for trial an earlier filed complaint with a later filed complaint charging a crime of which it gained information almost four months through the 180 period of the earlier filed complaint is not an abuse of discretion. Accordingly, the claim is without merit and counsel's failure to seek further review of this issue does not constitute ineffective assistance of counsel.

Affirmed.

ROBERTS, C.J., dissents and would direct appointment of counsel to prosecute the appeal on appellant's behalf.