485 A.2d 395

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Phillip TOMASSO, Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 26, 1984.

Decided Dec. 21, 1984.

Eric B. Henson, Deputy Dist. Atty., Maxine J. Stotland, Asst. Dist. Atty., for appellant.

Richard J. Conn, Philadelphia (court-appointed), for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

PER CURIAM.

Our review of this record reveals that the three issues presented by the Commonwealth, which a majority of

the Superior Court panel, 311 Pa.Super. 103, 457 A.2d 514, failed to consider on grounds of waiver, were sufficiently presented to the sentencing judge in a timely manner. *See Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978) (sentence properly challenged if the propriety of the sentence is raised either at the sentencing hearing or in a motion to modify sentence). However, the assertions in the briefs and record that the sentence was based in part on factual misapprehensions amount to nothing more than an assertion that the sentence was based in part on an inaccurate factual record. The record itself refutes this argument. There were no factual misapprehensions by the sentencing judge. Since the Commonwealth has conceded it did not, and could not, raise the issue of whether this particular sentence, outside the sentencing guidelines, was unreasonably lenient, the decision of Superior Court must be affirmed.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. On November 25, 1979, appellee hailed a Yellow Cab taxi in Philadelphia and proceeded to hold a knife to the neck of the driver while demanding the driver's money. He also threatened that he had a gun and would shoot the driver if he did not comply. Following a non-jury trial, appellee was convicted of robbery, simple assault, terroristic threats, recklessly endangering another person and possessing an instrument of a crime. For these convictions, the lower court sentenced appellee to five years of so-called "strict" probation, despite the fact that the interim sentencing guidelines in effect at the time [1] established a recommended sentence of four to eight years imprisonment, this being appellee's second robbery conviction. For too long, the victim of criminal conduct has gone unrecognized in the criminal justice system. Because of the failure to properly accommodate the needs and interests of the indi-

1. Act of November 26, 1978, P.L. 1316, No. 319, 42 Pa.C.S.A. § 2155 (note).

vidual victim in the instant case, I would remand this case for resentencing in accordance with the additional sentencing procedures set forth herein.

Presently, in determining the sentence to be imposed, the court must, except where a mandatory sentence is otherwise provided by law, consider and select one or more of the alternative sentences of fine, probation, partial or total confinement or no penalty. 42 Pa.C.S.A. § 9721(a). In selecting from among these alternatives, the court is required to adhere to the "general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The court is also authorized to order the defendant to compensate the victim of his criminal conduct for the damage or injury he or she sustained. 42 Pa.C.S.A. § 9721(c).

At the sentencing hearing, the defendant has the opportunity to present testimony and evidence as to potentially mitigating circumstances, to address the rehabilitative needs of the defendant and to present oral argument in support of leniency. The district attorney or his assistant appears at the hearing on behalf of the Commonwealth and may advocate a sentence that he or she believes is in the best interests of the Commonwealth, i.e., the community as a whole and victims generally. However, the individual victim currently has no avenue of direct participation in the sentencing hearing or opportunity for input into the court's determination. Thus, the court is deprived of the unique perspective of the victim, the person who is acutely aware of the impact of the offense on his or her life and of the damage or injuries that he or she has suffered and may still be suffering. I believe that an opportunity for direct participation by the victim in the sentencing proceeding is absolutely necessary for the court to be completely informed as to "the gravity of the offense as it relates to the impact on the life of the victim and on the community" and to arrive,

in appropriate cases, at a reasonable and just compensation to the victim for the damage or injury caused by the defendant. 42 Pa.C.S.A. § 9721(b) and (c).

The time has come that the victim, the person who bears the full burdens of the defendant's crime, must have a voice in the criminal justice system. Accordingly, beginning with this case and for all sentencing proceedings henceforth, I would require the court to implement the following procedures:

1. The victim, or the victim's guardian, survivor or representative, is to be notified, as far in advance as is feasible, of the date, time and place set for the defendant's sentencing.

2. The victim, or the victim's guardian, survivor or representative, is to receive, as far in advance of sentencing as is feasible, a copy of all presentence reports or similar reports.

3. The victim, or the victim's guardian, survivor or representative, is to be apprised, in writing and in advance of sentencing, of the maximum/minimum range and parameters of the particular defendant's sentence, as determined by the Sentencing Guidelines of the Pennsylvania Commission on Sentencing Guidelines, 204 Pa.Code Chapter 303, and is also to be apprised that the court is authorized to impose a sentence outside of the Sentencing Guideline range where the court provides a contemporaneous written statement of the reason(s) for deviation from the guidelines.

4. The victim, or the victim's guardian, survivor or representative, is to be afforded an opportunity at the sentencing proceeding to provide an oral or written statement assessing the "gravity of the offense as it relates to the impact on the life of the victim" and recommending an appropriate sentence from the victim's standpoint; said oral or written statement shall become part of the record in the event of appellate review.