502 A.2d 1324

**COMMONWEALTH of Pennsylvania**

v.

**Donald BYERS, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1984.

Filed Jan. 3, 1986.

Richard S. Levine, Assistant Public Defender, Pittsburgh, for appellant.

Melinda Tell, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, President Judge, and CAVANAUGH, BROSKY, ROWLEY, McEWEN, TAMILIA and JOHNSON, JJ.

BROSKY, Judge:

This appeal is from the judgment of sentence imposed after a jury found appellant guilty of unlawful restraint and criminal conspiracy. Appellant argues that trial counsel, who is from the same public defender's office as appellate counsel, was ineffective in failing to brief post-verdict motions. We find that counsel's ineffectiveness is not apparent on the record and, therefore, we vacate the judgment of sentence and remand for appointment of new counsel and for consideration of any claims of ineffective assistance raised by new counsel.

Appellant was tried by a jury and, on September 16, 1980, was found guilty of the charges noted above. The Office of the Public Defender of Allegheny County represented appellant at trial and filed post-verdict motions, which the trial court denied on December 4, 1980, by an order stating: "[A]fter due consideration of oral argument and briefs filed, motion for New Trial and Arrest of Judgment is denied." In the opinion filed in support of this order, the trial court summarizes the evidence presented at trial, but does not express its view on the sufficiency of the evidence; instead the court states: "[C]ounsel did not submit a written brief on the errors allegedly committed by the Court.... [T]he trial Court not having the benefit of counsel's legal theory underlying the assertion of error can thus consider the claim abandoned." The Office of the Public Defender of Allegheny County filed a notice of appeal from the judgment of sentence, and this court denied counsel's petition for leave to withdraw.

Counsel's general, rather than specific, post-verdict motions challenging the sufficiency of the evidence did not

in themselves waive the issue of sufficiency for the trial court's review, since the motions were filed before this court's opinion in *Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983). However, issues preserved by post-verdict motions will still be deemed waived if they are neither briefed nor argued to the trial court. *See Commonwealth v. Holzer,* 480 Pa. 93, 389 A.2d 101 (1978); *Commonwealth v. Williams,* 476 Pa. 557, 570, 383 A.2d 503, 509 (1978); *Commonwealth v. Pittman,* 320 Pa.Super. 166, 466 A.2d 1370 (1983).[1] It was pursuant to this rule that the trial court declined in its opinion to address the issue of sufficiency. As a result, as the Supreme Court noted in *Holzer, supra,* when it found itself in the same situation: "[T]his Court has been deprived of the lower court's analysis and resolution of those issues, review of which would frustrate the policies underlying *Blair.*[2]" *Id.* 480 Pa. at 101, 389 A.2d at 105.

We recognize that the trial court's order states that it was entered after "oral argument and briefs filed", and that this is inconsistent with the statement in the trial court's opinion that "counsel did not submit a written brief" and that the court "[did] not hav[e] the benefit of counsel's legal theory...." Nevertheless, since counsel failed to make a copy of his brief or a transcript of the proceedings part of the record, we are unable to determine what issues counsel argued, and the issues raised in the post-verdict motions must therefore be deemed waived. *Commonwealth v. Van Cliff,* 483 Pa. 576, 397 A.2d 1173, *cert. denied,* 441 U.S. 964, 99 S.Ct. 2412, 60 L.Ed.2d 1070 (1979).[3]

1. Although these cases do not apply this principle specifically to the issue of sufficiency of the evidence, we see no reason why an issue of sufficiency of the evidence should be an exception to the general rule established by these cases that issues preserved by post-verdict motions must also be briefed or argued in order to preserve them for appeal.

2. *Commonwealth v. Blair,* 463 Pa. 383, 344 A.2d 884 (1975) (issues not included in post-verdict motions are deemed waived).

3. It should be noted that in addition to raising claims regarding the sufficiency of the evidence, appellant's post-verdict motions also allege that the trial court erred in admitting certain evidence, in denying

However, appellate counsel, who is from the same office as trial counsel, argues that trial counsel was ineffective for failing to preserve the issue of the sufficiency of the evidence. It is settled that when trial counsel and appellate counsel are from the same defender's office, and the argument on appeal is that trial counsel was ineffective, we must remand for the appointment of new counsel before we may reject the ineffectiveness claim. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978). This rule has most recently been applied by this court in *Commonwealth v. Serianni*, 337 Pa.Super. 309, 486 A.2d 1349 (1984) (allocatur denied, July 24, 1985) (en banc). The only exception to this rule is that stated in *Commonwealth v. Fox*, supra:

> While this court will entertain a claim of ineffective assistance of counsel on appeal by the same attorney who served as trial counsel if reversible error is apparent on the record before us, we will not reject such a claim without a remand for appointment of new counsel.

*Id.* 476 Pa. at 479, 383 A.2d at 201.[4]

Thus, we must examine whether reversible error is apparent on the record before us. In order to find reversible

certain motions during trial, and in its charge to the jury. Appellant has not pressed these claims on appeal.

4. We believe it appropriate to note here the comments made by this Court in *Commonwealth v. Smoyer*, 281 Pa.Super. 320, 422 A.2d 189 (1980) (Cavanaugh, J.):

> We do not condone the practice of counsel from the public defender's office raising the effective assistance of counsel where trial counsel is a different attorney from the same public defender's office. *If a genuine issue of the effectiveness of trial counsel exists, then the public defender should request the trial court to appoint appellate counsel who is not a member of the public defender's office.* The allegation of ineffective assistance of counsel is tantamount to an allegation of incompetency on the part of counsel.... The best interest of an appellant is not served where his counsel must establish that an associate from his office acted in an incompetent manner at trial.

*Id.*, 281 Pa.Superior Ct. at 323, 422 A.2d at 190 (emphasis added). "The better practice is for counsel to remove himself and permit different counsel to develop a record on the ineffectiveness issue before the case is removed from the trial court's jurisdiction by virtue of the filing of a notice of appeal." *Commonwealth v. Smith*, 321 Pa.Super. 170, 202 n. 25, 467 A.2d 1307, 1324 n. 25 (1983) (Rowley, J.).

error in the context of a claim of ineffective assistance of counsel we must conclude that: (1) the underlying issue is of arguable merit; (2) counsel had no reasonable basis for his actions; and (3) counsel's actions were prejudicial to the defendant. See *Commonwealth v. Pierce,* 345 Pa.Super. 324, 498 A.2d 423 (1985) (en banc); *Commonwealth v. Larkins,* 340 Pa.Super. 56; 489 A.2d 837 (1985).

■ Our Supreme Court in *Commonwealth v. Wilkerson,* 490 Pa. 296, 416 A.2d 477 (1980), stated that if counsel fails to raise an issue in post-verdict motions he is deemed to be ineffective only if the issue is of arguable merit. We believe this holding is equally applicable to a case in which counsel fails to preserve an issue by briefing it for or arguing it to the post-verdict court on the record. Thus, here, a necessary (although not sufficient) condition to finding that reversible error is apparent on record is that the arguable merit of the appellant's claims regarding the sufficiency of the evidence be apparent on the record.

■ It is sufficient for our purposes here to simply note that we have thoroughly reviewed the record and arguments of counsel, and conclude that the arguable merit of the claims that trial counsel failed to preserve regarding the sufficiency of the evidence is not apparent from the record before us. We must, therefore, also conclude that reversible error is not apparent from this record.

However, since "we cannot rely on counsel to be a zealous proponent of his or her own ineffectiveness," *Serianni,* supra, 337 Pa.Superior Ct. at 314, 486 A.2d at 1351, we will not find that trial counsel's self-made claim of ineffectiveness is, in fact, without arguable merit without a remand for appointment of and zealous argument by new counsel. Such a remand will allow new counsel not only to argue the claim that trial counsel was ineffective for failing to preserve issues regarding sufficiency of the evidence, but also any other potential claims of ineffective assistance of counsel which might have been overlooked by self-serving coun-

sel. See *Serianni,* supra.[5]   Thus, the purpose of judicial economy will be served by allowing all possible claims of ineffective assistance to be presented at once and in the first instance to the lower court.   *Id.*[6]

Accordingly, the judgment of sentence is vacated and the case is remanded to the trial court for appointment of new counsel for appellant other than counsel from the public defender's office.   After such appointment, the trial court shall hold an evidentiary hearing at which it shall determine the merits of the claim of ineffectiveness raised in this appeal and any other claims of trial counsel's ineffective-

5.   In *Serianni,* trial counsel claimed that he had been ineffective for failing to preserve two issues by including them in post-verdict motions.   There, we also found that reversible error was not apparent on the record, although we did not specify which of the three requirements for finding reversible error was not apparent on the record. We do note that even if arguable merit is apparent on the record, a remand for appointment of new counsel and an evidentiary hearing is still the proper procedure if it is not apparent from the record that counsel had no reasonable basis for his actions.   See *Commonwealth v. Gray,* 329 Pa.Super. 347, 478 A.2d 822 (1984) (Johnson, J.).

6.   The dissent is apparently attempting to establish two points:  (1) the issue of the sufficiency of the evidence has not been waived;  and (2) even if the issue has been waived, we may reject appellant's ineffective assistance claim.   As to both points, we fear the dissent's quarrel is not with us, but with the decisions of our Supreme Court.

The dissent's first point is based on a fundamental misunderstanding of *Holmes,* supra.   We have not ignored *Holmes* as the dissent claims;  it is simply not applicable to this case except to the extent that under *Holmes* the sufficiency issue was not waived by a boilerplate post-trial motion in arrest of judgment.   However, our Supreme Court has held that an issue will not be preserved for appeal unless *in addition* to filing proper post-verdict motions a defendant briefs or argues the issue to the trial court.   See *Holzer,* supra; *Williams,* supra; *Pittmann,* supra.   *Holmes* does not speak to these two additional requirements for preserving an issue for appeal, but holds only that in regard to an issue of sufficiency, the first requirement is satisfied by a boilerplate motion prior to *Holmes* effective date.

The dissent's second point, that we should reject the claim of ineffective assistance, is in conflict with the mandate of our Supreme Court that we *may not* reject a self-made claim of ineffective assistance of counsel without a remand for appointment of new counsel. See *Fox,* supra.   While the dissent may feel competent to review the record without the certainty of zealous argument by new counsel, our Supreme Court has held that it may not do so.   This conclusion is further buttressed by our Supreme Court's denial of allocatur in *Serianni,* supra., in which the dissent advanced a similar argument.

ness raised by new counsel. If it is determined that trial counsel was ineffective, the trial court shall grant appropriate relief. If trial counsel is determined not to have been ineffective, the trial court shall reinstate the judgment of sentence. Either party may then appeal from an adverse order of the trial court.

So ordered; jurisdiction is not retained.

TAMILIA, J., files a dissenting opinion which is joined by ROWLEY and McEWEN, JJ.

McEWEN, J., files a dissenting statement.

TAMILIA, Judge, dissenting:

I respectfully dissent to the rationale used by my colleagues in remanding this case for an evidentiary hearing.

The issue now before us is whether we may adjudicate trial counsel's ineffectiveness without a remand to the lower court for appointment of new counsel, where the question is raised on appeal by trial counsel's associate.

The denigration of counsel's performance at trial stems from his failure to clarify with particularity his allegation of insufficiency of the evidence to support the verdict, and his subsequent failure to argue or brief that issue, causing the lower court to consider it waived. Since both trial and appellate counsel are members of the public defender's office, withdrawal on grounds of conflict was sought and denied and appellant now prays for remand and appointment of new counsel by way of relief.

Prior to determining the scope of our inquiry on the ineffectiveness issue, however, we must direct our attention to the threshold question of whether the effect of counsel's acts of omission has been, as he contends, to waive the claim of evidentiary insufficiency on appeal.

*Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983) supplied a definitive answer to the questions of how and whether boilerplate motions, such as the one under scrutiny here, stating only that "The evidence was insuffi-

cient to support the verdict," preserve the issue for appeal. Until then applicable case law served only to further obfuscate the obscure. On the one hand, boilerplate post-trial motions have been clearly disapproved; on the other, a boilerplate post-trial motion in arrest of judgment, alleging that the evidence is insufficient to sustain the verdict, has been deemed to preserve for appeal a general challenge to the sufficiency of the evidence, at least until the effective date of *Holmes*.[1] *See, Commonwealth v. Cardona,* 316 Pa.Super. 381, 463 A.2d 11 (1983). Since this is substantially later than the filing date of appellant's post-trial motions, I would agree with the Commonwealth's contention that trial counsel's failure to submit a brief on his boilerplate post-trial motions did not serve as a waiver of appellant's right to raise a general sufficiency issue before this Court. Concomitantly, counsel himself is not ineffective, except for failing to brief or argue the motion.

In the majority Opinion much is made of the fact that the issue was waived for not having been briefed. In detailing the evidence, the court in effect made its findings as to what the credible evidence was. Those findings, if supported by the record, establish, for our review purposes, whether or not the evidence was sufficient. The majority cites *Commonwealth v. Holzer,* 480 Pa. 93, 389 A.2d 101 (1978), *Commonwealth v. Van Cliff,* 483 Pa. 576, 397 A.2d 1173 (1979) *cert. denied,* 441 U.S. 964, 99 S.Ct. 2412, 60 L.Ed.2d 1070 (1979) and *Commonwealth v. Williams,* 476 Pa. 557, 383 A.2d 503 (1978) (issues not preserved by post-trial motions, arguments or briefs are deemed waived). I would note that except for *Holzer* these cases do not involve claims as to the sufficiency of the evidence, which until *Holmes, supra,* were not deemed waived, at least by this Court. *Holzer* is inapplicable as a review of sufficiency of evidence is *required* in first degree murder cases, whether the issue is raised or not. To ignore *Holmes,* as the majority would have us do, undermines the credibility of

1. As of the effective date, August 9, 1983, challenges to the sufficiency of the evidence must specify the nature of the insufficiency or the issue will be waived.

this Court and the numerous cases we have decided on its authority. *Holmes,* because of considerable confusion as to the application of the rule against boilerplate motions, *ruled they were to be considered effective until 60 days from the date of decision, June 10, 1983.* In light of the Supreme Court's recent decision in *Commonwealth v. Tomasso,* 506 Pa. 344, 485 A.2d 395 (1984), (Superior Court may not consider issues waived if presented in accordance with an applicable rule in the court below), we cannot ignore *Holmes* and *Tomasso.* Appellant counsel, believing that the sufficiency claim is not subject to review on direct appeal, nevertheless seeks to advance the same claim under the guise of ineffective assistance of counsel. While recognizing that there was no reversible error apparent on the record, the majority which accepts the application of *Holmes,* would reject a review because of appellant's failure to file a brief under its misreading of *Holzer,* which *Holmes* precludes.

By *not* considering the ineffectiveness issue now, and the merits of the alleged or *forthcoming* grounds for an ineffectiveness claim, we are assuring and placing our imprimatur on the continuing excessiveness of such claims. The result of the majority assures litigation on ineffectiveness of trial counsel, ineffectiveness of appellate counsel, and whether or not the record is complete. Also, there must be a remand for appointment of new counsel since appellate counsel is from the same public defender's office as trial counsel. I would resolve these issues at this time as the state of the record and the state of the law permits such a resolution. It would appear to me to be immaterial that the issue was not preserved by brief when it was adequately preserved by post-trial motions. When trial counsel filed his boilerplate motions, despite failure to brief the motions, the latter ineffectiveness did not invalidate the then properly filed motion as to insufficiency of the evidence.[2] In either case, the issue is reviewable by this Court if the

---

2. Although it was filed nunc pro tunc, it was considered and ruled on by the trial court.

record is sufficient to permit an adequate review. My strong and unequivocal protest lies to the pointless refusal to resolve matters before us on their merits, when the record is complete, while inviting the appellant who alleges ineffectiveness, because of a technical and meaningless procedural error, to start anew in the court below with a PCHA and its assured appeal to this Court, to resolve the issue that is presently before us. Because of the extraordinary circumstances of the ineffectiveness claim, and the inability of our procedures or the courts to control its use by counsel, we should pass on the merits of the faulty motion, if the record permits it. The principles of judicial economy and finality of judgment require it.

To further compound the confusion and questionable validity of lower court review in a PCHA proceeding as suggested by the majority, it will result in consideration by a trial judge who has less knowledge of this case than the en banc panel of this Court. The jury trial judge in this case was our esteemed colleague, Judge Zoran Popovich, who heard the case and properly denied the post-trial motions, subsequently being elevated to this Court before he had an opportunity to conclude all matter relevant to the post-trial proceedings. Judge Thomas Harper, now deceased, filed the Opinion in support of denial of the post-trial motions. The sentencing judge was Judge Robert Dauer, who heard and denied motions to modify sentence.

Under these circumstances, I would adopt the position of *Commonwealth v. Lohr,* 503 Pa. 130, 139, 468 A.2d 1375, 1379 (1983), "[N]otwithstanding counsel's dereliction, any relief this court might extend to appellant would be merely duplicitous of the instant review and, thus, consistent with principles of judicial economy, we decline the opportunity to remand for proceedings consistent with *(Commonwealth v.) McClendon.* (495 Pa. 467, 434 A.2d 1185 (1981).)"

The time of the trial courts and appellate courts constitutes one of the most precious and limited commodities of our democracy. There must be a more judicious use of this time if we are to serve the ends of justice rather than take

on the appearance of a court out of Alice in Wonderland or permit the endless litigation typified by *Jarndyce v. Jarndyce* in *Bleak House* (Dickens). The cost to the government and the taxpayers and the appearance of futility to the victim and the public warrants a more restrictive view of the ineffectiveness issue and elimination of expenditure of additional resources for independent counsel when a public defender is charged with ineffectiveness.

Therefore, I would, on the basis of the unembellished record, proceed to address appellant's claim on its merits.

The test for sufficiency of the evidence in a criminal case is whether, viewing all the evidence in the light most favorable to the Commonwealth and drawing all reasonable conclusions therefrom, it is sufficient to enable the trier of fact to find every element of the crimes charged beyond a reasonable doubt. *Commonwealth v. Russell,* 313 Pa.Super. 534, 460 A.2d 316 (1983).

Viewed against this standard, the testimony at trial established that on the evening of March 23, 1980 the teenage victim had substituted for her sister in babysitting at the house of a young neighbor whose residence was itself the scene of some social activity. After a number of people had arrived and left, the victim and four young men, including appellant, were left sitting at the diningroom table.[3]

One of the men asked the victim what she would do if they raped her. He then picked her up and carried her into the bedroom and asked her to engage in sexual relations. The victim refused. Shortly thereafter, the other three entered the bedroom and the victim was pushed to the bed and held there, her breasts being fondled and pinched. During this time, appellant held the victims arms and two other men held her legs while a fourth pulled down her jeans. One man left when the phone rang and another followed. The victim was then raped by a third man while appellant restrained her and watched. She was released

3. Of those present, one young man was a tenant of the house, a roommate of the woman for whose child the victim was babysitting.

when, and because, the occupant of the house had returned home.

The commission of unlawful restraint occurs when a person "restrains another unlawfully in circumstances exposing him to risk of serious bodily injury."[4]  Clearly forcible rape presents the possibility of serious bodily injury to the victim.  With respect to the conspiracy charge, appellant's actions in following the victim to the bedroom, holding her down while she was abusively handled and continuing to do so while she was raped, brooks no argument against conspiracy, however silent appellant's participation and cooperation in commission of the substantive offense. *See Commonwealth v. Henderson*, 249 Pa.Super. 472, 378 A.2d 393 (1977).

In sum, at the time of its filing, counsel's boilerplate motion in arrest of judgment was sufficient to preserve for appeal a general claim of insufficiency of the evidence.  The failure of counsel to argue or brief that issue does not nullify its effect for review purposes.  It is the only issue that could have been preserved for appeal, even if counsel is deemed ineffective for failure to argue or brief the issue.  Even should we hold that counsel was ineffective, I believe the Supreme Court in *Commonwealth v. Silver*, 499 Pa. 228, 452 A.2d 1328 (1982) and *Lohr, supra* has clearly provided guidance to us permitting an independent review of the record if the record provides an adequate basis for such a review.  *See Commonwealth v. Serianni*, 337 Pa. Super. 309, 486 A.2d 1349 (1984) (Dissenting Opinion by Tamilia, J.).  *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052, 52 U.S.L.W. 4565 (1984) and cited favorably in *Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984); also cited favorably and quoted extensively in *Commonwealth v. Litzenberger*, 333 Pa.Super. 471, 482 A.2d 968 (1984).  My review of the record convinces me there was no prejudicial error.  The record in this case is complete and provides an adequate basis for review of the motion as to the insufficiency of the evidence.

4.  18 Pa.C.S.A. § 2902(1).

The majority agrees that this is the only appealable issue, even though it would not pass on it. It would remand for appointment of new and "zealous counsel" who might discover other potential claims of ineffectiveness overlooked by previous counsel. Here we were presented with new appellate counsel, albeit from the same Public Defender's office. There is no evidence of a lack of zeal or independence, and we acknowledge both in the majority and dissent that he raised the only issue that presented itself on the record. The motion was totally without legal merit. This comes to us as an ineffectiveness of counsel issue, and whether resolved now or later, the issue must be resolved. To resolve it now when the record is complete will save judicial time at both the trial and appellate levels. The PCHA procedure was designed to reach those issues which could not or would not be reviewed in the normal appellate process, thus calling for Habeas Corpus or Federal Court intervention. We should not shirk from resolution of an otherwise justiciable PCHA issue because it has not been brought to us under that ruberic. An issue rejected on direct appeal has been finally litigated and would not be addressed on appeal from denial of relief under the Post-Conviction Hearing Act. *Commonwealth v. Jones,* 324 Pa.Super. 359, 471 A.2d 879 (1984).

I would find appellate counsel competent to represent appellant, dismiss the ineffectiveness of counsel claim and affirm the judgment of sentence.

ROWLEY and McEWEN, JJ., join in Judge TAMILIA's dissenting opinion.

McEWEN, Judge, dissenting:

*Serianni* strikes again! This time, *Serianni* has confined several of our most distinguished members to the confounding chamber of anomaly as the majority here concludes that the record reflects neither ineffectiveness nor reversible error but, nonetheless, remands to see if new counsel and the trial court can unearth such error. *Serian-*

*ni,* having wrought such consternation, is without favorable feature or redeeming vice, and should be overturned.