562 A.2d 858

**COMMONWEALTH of Pennsylvania,**

v.

**Baxter J. HAWK, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 20, 1988.

Filed July 26, 1989.

Stanley E. Gever, Philadelphia, for appellant.

Alan Sacks, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and BROSKY, McEWEN, DEL SOLE, MONTEMURO, BECK, TAMILIA, POPOVICH and JOHNSON, JJ.

## ORDER OF COURT

PER CURIAM.

AND NOW, to wit, this 26th day of July it is hereby ORDERED that the prior Order of this Court denying the Commonwealth's petition to supplement the record and file the notes of testimony of the hearing held on July 8, 1985 before the Honorable Eugene H. Clarke is vacated. The Commonwealth is hereby granted leave to file the transcript of the hearing of July 8, 1985, within twenty (20) days of the date hereof.

CIRILLO, President Judge, files a dissenting opinion.

BROSKY and TAMILIA, JJ., dissent.

CIRILLO, President Judge, dissenting.

I respectfully dissent from the majority's order because I do not believe that, in this case, the Commonwealth has the burden to ensure that the record on appeal is complete. Moreover, I submit that once the Commonwealth has been granted an extension of time in which to bring the defendant to trial, its responsibility to show that it acted with due diligence is complete; this responsibility to act with due diligence does not follow the Commonwealth so as to nullify the rules of appellate procedure governing preparation and transmission of the record. See Pa.R.A.P. 1911–35.

This case is before us pursuant to the per curiam order dated April 15, 1988, wherein this court granted *en banc*

reargument of a panel decision dated February 1, 1988. Hawk was arrested on March 18, 1984, and charged with numerous offenses. Accordingly, the mechanical run date under Pa.R.Crim.P. 1100(a)(2) was September 14, 1984.[1] On August 23, 1984, the Commonwealth filed a petition for extension under Pa.R.Crim.P. 1100(c) or (d).[2] Prior to September 14, 1984, the run date, no hearing had been held. On October 10, 1984, Hawk filed a motion to dismiss under

1. Rule 1100(a)(2) provides:

> Trial in a court case in which a written complaint is filed against the defendant, where the defendant is incarcerated, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

Pa.R.Crim.P. 1100(a).

As the panel noted the record reveals that Hawk was incarcerated pretrial and not free on bail.

2. Rules 1100(c) and (d) provide:

> In determining the period for commencement of trial, there shall be excluded therefrom:
> (1) the period of time between the filing of the written complaint and the defendant's arrest; provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence;
> (2) any period of time for which the defendant expressly waives Rule 1100;
> (3) such period of delay at any stage of the proceedings as results from:
> (i) the unavailability of the defendant or his attorney;
> (ii) any continuance granted at the request of the defendant or his attorney.
> (d)(1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial, unless the defendant has been released on bail, in which instance trial shall commence in accordance with the provision of subsection (a)(3).
> (2) When an appellate court has granted a new trial, or has affirmed an order of a trial court granting a new trial, the new trial shall commence within one hundred and twenty (120) days after the appellate court remands the record to the trial court, unless the defendant has been released on bail, in which instance trial shall commence in accordance with the provisions of subsection (a)(3). The date of remand shall be the date as it appears in the appellate court docket.

Pa.R.Crim.P. 1100(c), (d).

Pa.R.Crim.P. 1100(f).[3] According to a handwritten notation on the record, made by the trial court, a hearing was held on July 8, 1985, at which time the trial court granted the Commonwealth's petition, extended the time in which the Commonwealth had to bring Hawk to trial until November 21, 1985, and denied Hawk's motion to dismiss. On June 12, 1986, Hawk was tried and convicted of robbery, theft by unlawful taking, theft by receiving stolen papers, simple assault, possession of instruments of crime, and unlawful restraint. Post-trial motions were filed, denied by the court, and Hawk was sentenced. Hawk then filed a direct appeal.

Hawk appealed from a judgment of sentence entered in the Court of Common Pleas of Philadelphia County, sentencing him to concurrent terms of imprisonment of five to ten years for robbery, five to twenty-five months for simple assault, and eight to sixty months for unlawful restraint. A panel of this court addressed Hawk's claim that the Commonwealth failed to use due diligence in bringing him to trial and, as a result, he was denied his right to a speedy trial. Specifically, Hawk stated that the hearing on the Commonwealth's petition to extend and on his motion to dismiss was not held until 298 days following the mechanical run date and thus the provisions of Rule 1100 were violated. The panel noted that this court has consistently disapproved of delays in the holding of hearings on petitions for extensions. *See e.g. Commonwealth v. Yant,* 314 Pa. Super. 442, 461 A.2d 239 (1983). A delay, however, will not be grounds for discharging a defendant absent a showing of prejudice. *See Commonwealth v. Derrick,* 322 Pa.Su-

3. As a result of the 1987 amendments, Rule 1100(f) has been redesignated as Rule 1100(g) and provides:

   (g) For defendants on bail after the expiration of three hundred sixty-five (365) days, at any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such motion shall dismiss the charges with prejudice and discharge the defendant.

   Pa.R.Crim.P. 1100(g).

per. 517, 469 A.2d 1111 (1983). The panel found that Hawk did not suffer any prejudice, notwithstanding Hawk's allegations that if his trial had been held earlier and if his motion to dismiss had been acted upon more expeditiously, he might have been acquitted.

Hawk also claimed that the Commonwealth did not establish a record showing that it acted with due diligence and that the trial was scheduled for the earliest date consistent with the court's business. The panel noted that the Commonwealth has the burden of proving it met the aforementioned requirements, by a preponderance of the evidence. After reference to applicable case law, the panel concluded that because the notes of testimony from the July 8, 1985 hearing were not included in the original record and because the Pa.R.A.P. 1925 opinion filed by the Honorable Eugene H. Clarke could not constitute record judicial notice of the testimony presented at that hearing, the Commonwealth had not sustained its burden of proof and the petition for extension had been improperly granted.

As evidenced by its order, the majority, like the panel, has misconstrued the Commonwealth's burden of proof required to demonstrate compliance with Rule 1100(c), and has incorrectly applied it to matters relating to the preparation and transmission of the record, thereby supplanting Pa.R.A.P. 1911–35. Prior to my review of the applicable rules, however, I note that the standard of review of a trial court's grant of an extension of time pursuant to Pa.R.Crim.P. 1100 has been set forth in *Commonwealth v. Lohr,* 503 Pa. 130, 468 A.2d 1375 (1983). In *Lohr,* our supreme court stated that "This determination is within the realm of discretion of the trial court and absent an abuse of discretion, a grant of extension of time will not be overruled on appeal". *Id.,* 503 Pa. at 139–40, 468 A.2d at 1380.

A review of the rules governing the preparation and transmission of the original record for appellate review and an application of those rules to the present case illustrates that Hawk, and not the Commonwealth, was responsible for

ensuring the record was complete. Rule 1911 states in pertinent part:

(a) General rule. The appellant shall order any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 5000.1 et seq., of the Pennsylvania Rules of Judicial Administration (court reporters).

\* \* \* \* \* \*

(d) Effect of failure to comply. If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.

Pa.R.A.P. 1911(a), (d).

Prior to the promulgation of Rule 1911 there was uncertainty about who had the duty to order the transcript from the court reporter as well as who was responsible for payment of the costs of transcription. *See Revocation of Restaurant Liquor License v. Commonwealth, Pennsylvania Liquor Control Bd.*, 64 Pa.Commw. 566, 570, 441 A.2d 491, 493 (1982) (where court held that the *"trial judge* must compel the court reporter to transcribe the notes of testimony ... without prejudice to his right to recover his fee"); *see also* 1 Pennsylvania Appellate Practice § 1911:2 (1986). The language of the rule unequivocally places the burden of ordering any transcript required for appellate review upon the appellant:

Rule 1911 now makes clear that it is the duty of the appellant to take all steps necessary to secure preparation of the transcript on appeal. Subsection (d) of the rule reinforces the gravity of this duty, in that it allows the appellate court to take such action as it deems appropriate, *including dismissal of the appeal,* "[i]f the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript."

1 Pennsylvania Appellate Practice § 1911:2 n. 7 (1986); *see also Commonwealth v. Williams*, 357 Pa.Super. 462, 516 A.2d 352 (1986).

Thus, I believe that it is clear that Hawk, as the appellant in this case was responsible for ordering the transcription of the July 8, 1985 hearing from the court reporter. His failure to do so would permit "the appellate court . . . [to] take such action as it deems appropriate, . . . includ[ing] dismissal of the appeal." Pa.R.A.P. 1911(d).[4] A review of the parties' briefs indicates that there was a transcription of the hearing conducted on July 8, 1985; both the Commonwealth and Hawk have made reference to specific pages of this transcript in their briefs.[5]

Rule 1921 embraces the fundamental principle that an appellate court may consider only the facts that appear in the official record. *See* Official Note, Pa.R.A.P. 1921; *see also Commonwealth v. Young*, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974); 1 Pennsylvania Appellate Practice § 1921:1 (1986). The rule states the following:

**Rule 1921. Composition of Record on Appeal.**

The original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases.

Pa.R.A.P. 1921.

As an added precaution it has been recommended that *appellant's counsel* request the trial court clerk to review the record before it is transmitted to the appellate court. Further, *counsel for appellant* may request the original record on appeal as certified by the trial court pursuant to

4. After the appellant has ordered and paid for the transcription, both the lower court judge and the court reporter are responsible for ensuring that it is prepared and filed. *See* Pa.R.A.P. 1931, 1922; *see also* 1 Pennsylvania Appellate Practice 1911.8 (1986).

5. We note that the Commonwealth filed a motion on February 17, 1988 in which it requested that this court modify the record pursuant to Pa.R.A.P. 1926 to include the July 8, 1985 transcript. This motion was denied on February 23, 1988.

Rule 3114.[6]  If the appellate court grants such a request, appellant's counsel will be certain the record is complete. *See* 1 Pennsylvania Appellate Practice § 1921:3 (1986).

Further, the official record is comprised only of those documents which were "filed" in the trial court; that is, filed with the clerk of the court of common pleas or the office of the prothonotary. *See* Pa.R.A.P. 1921; *see also* 42 Pa.C.S. § 2736; *Commonwealth v. Stanton,* 294 Pa.Super. 516, 440 A.2d 585 (1982) (reviewing court cannot consider facts set forth in a party's brief since the matters contained therein are not a part of the record); *Wiegand v. Wiegand,* 363 Pa.Super. 169, 525 A.2d 772 (1987) *alloc. denied,* 517 Pa. 624, 538 A.2d 877 (1987) (same).  Consequently, only those documents filed can be considered a part of the record and reviewed on appeal.  In order to ascertain which documents compose the official record, courts frequently review the certified copy of the docket entries prepared by the clerk of the trial court.  1 Pennsylvania Appellate Practice 1921:9 (1986); *see also Commonwealth v. Santana,* 321 Pa.Super. 299, 468 A.2d 488 (1983) (court reviewed the docket entries to determine what documents were "filed" and thus a part of the official record).  *Anselmino v. Staranko,* 318 Pa.Super. 54, 464 A.2d 514 (1983) (court stated that the record was incomplete and remanded the case to the trial court for the purpose of transcribing and certifying all the notes of testimony pursuant to Pa.R.A.P. 1922).  A review of the record in this case reveals handwritten notations made by the trial court indicating that a hearing was held on July 8, 1985, at which time the Commonwealth's petition to extend under Rule 1100 was granted, extending the run date until November 21, 1985.  Thus

6.  **Rule 3114.  Original Papers**
    No original record or paper shall be taken from its appropriate place among the records or files of an appellate court, without a written order from a judge of the court, or from the prothonotary or other authorized officer, and the giving of a written receipt therefore.  If such order is given, the officer permitting the record or paper to be removed shall see that it is returned immediately on the expiration of the time specified in the order, or within one day after it is taken out, if no time is specified therein.
  Pa.R.A.P. 3114.

the record demonstrates there was a hearing and the parties' briefs indicate that the notes of testimony were transcribed.

With respect to transcription of notes of testimony to be included in the official record, "Pa.R.A.P. 1922 sets forth the procedure for ordering, transcribing, lodging, objecting to, and certifying the transcript of proceedings in the trial court and prescribing the responsibilities of the various participants in the judicial process in providing a transcript that becomes part of the record on appeal." 1 Pennsylvania Appellate Practice § 1922:1 (1986).[7] As noted above, the *appellant* is responsible for ordering the transcript from the official court reporter. Pa.R.A.P. 1911(c). After the transcript is lodged, the court reporter gives the required notice, and the parties to the proceeding are required to make any objections within five days following the notice.

7. Pa.R.A.P. 1922 states in pertinent part:
   **Rule 1922. Transcription of Notes of Testimony.**
   **(a) General rule.** Upon receipt of the order for transcript and any required deposit to secure the payment of transcript fees the official court reporter shall proceed to have his notes transcribed, and not later than 14 days after receipt of such order and any required deposit shall lodge the transcript (with proof of service of notice of such lodgment on all parties to the matter) with the clerk of the trial court. Such notice by the court reporter shall state that if no objections are made to the text of the transcript within five days after such notice, the transcript will become a part of the record. If objections are made the difference shall be submitted to and settled by the trial court. The trial court or the appellate court may on application or upon its own motion shorten the time prescribed in this subdivision.

   \*    \*    \*    \*    \*    \*

   (c) Certification and filing. The trial judge shall examine any part of the transcript as to which an objection is made pursuant to subdivision (a) of this rule or which contains the charge to the jury in a criminal proceeding, and may examine any other part of the transcript, and after such examination and notice to parties and opportunity for objection (unless previously given) shall correct such transcript. If the trial judge examines any portion of the transcript, he shall certify thereon, by reference to the page and line numbers or the equivalent, which portion thereof he has read and corrected. If no objections are filed to the transcript as lodged, or after any differences have been settled or other corrections have been made by the court, the official court reporter shall certify the transcript, and cause it to be filed with the clerk of the lower court.
   *Id.*

The court reporter certifies the transcript after the five day period has elapsed or, if objections were made, after the trial judge has resolved them. Further, the trial judge is required, in a criminal case, to review the portion of the transcript containing the jury charge and make any necessary corrections. *Id.* at § 1922:2; Pa.R.A.P. 1922(c). In the present case the record is silent with respect to the circumstances surrounding the transcription of the July 8, 1985 hearing.

By way of summation I note that appellant Hawk was required by Rule 1911(a) to order the transcription of the July 8, 1985 hearing. A review of the record reveals that such a hearing took place and the notes of testimony were at some point transcribed. According to Rule 1921 an appellate court will only consider facts appearing in the official record. Moreover, only those documents "filed" in the trial court will be considered a part of the original record.

Thus, it appears that we are confronted with a situation where there is a transcript of the hearing which should be a part of the official record, but is not. This situation is addressed by Pa.R.A.P. 1926. Rule 1926 allows the appellate court to direct that omissions from the record be corrected and that a supplemental record be certified and transmitted. *See* Pa.R.A.P. 1926.

Rule 1926 states:

**Rule 1926. Correction or Modification of the Record.**
If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the lower court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be correct-

ed, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court.

*Id.*

If the transcript was omitted from the record by error or accident, we, as an appellate court may, of our own initiative, direct that omission be corrected and a supplemental record be certified and transmitted. Under these circumstances, I would propose that the following order be entered pursuant to Pa.R.A.P. 1926:

AND NOW, this —— day of ——, 1989, we find that the certified record on appeal does not contain a transcription of the hearing held on July 8, 1985, at which time the Honorable Eugene H. Clarke granted the Commonwealth's petition to extend under Pa.R.Crim.P. 1100 and denied appellant Baxter Hawk's motion to dismiss. In order to properly evaluate Hawk's arguments on appeal, it is necessary that the official record contain this transcript. Therefore, we direct the Court of Common Pleas to supplement the record with this transcript within twenty days. *See* Pa.R.A.P. 1921, 1926.

In the event the transcript is unavailable, I would opine that the appeal be dismissed because Hawk, as appellant, should have taken advantage of the procedure set forth in Pa.R.A.P. 1923. Rule 1923 provides a mechanism whereby an appellate court can review proceedings that were unrecorded, recorded but not capable of transcription, or transcribed but unavailable. 1 Pennsylvania Appellate Practice, § 1923. Rule 1923 states:

**Rule 1923.  Statement in Absence of Transcript.**

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments

shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal. Pa.R.A.P. 1923.

The purpose behind Rule 1923 is to provide reviewing courts with an 'equivalent picture' of the proceedings when there is not a transcription. *See Smith v. Mason*, 328 Pa.Super. 314, 316, n. 1, 476 A.2d 1347, 1348 (1984) (court had "equivalent picture" of proceedings occurring in the trial court even though there was no transcript and Pa.R. A.P. 1923 had not been strictly complied with); *Nemeth v. Nemeth*, 306 Pa.Super. 47, 56, 451 A.2d 1384, 1389 (1982) (where court stated "the actual word for word transcript is not an absolute necessity for an appeal, *if* an 'equivalent picture' is available"); *See also* 1 Pennsylvania Appellate Practice § 1923.1. (1986).

If the transcript was unavailable, Hawk, as appellant, should have prepared a summary of the hearing held on July 8, 1985 from the best available means, including his recollection. Hawk should then have served this statement on the Commonwealth and allowed the Commonwealth to review it and make objections. The statement and objections should then have been submitted to the trial court for settlement, approval, and inclusion in the official record. Pa.R.A.P. 1923.