588 A.2d 522

**COMMONWEALTH of Pennsylvania**

**v.**

**Roger BUEHL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 14, 1991.

Filed March 13, 1991.

Abraham Leizerowski, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, TAMILIA and HESTER, JJ.

CIRILLO, Judge:

Roger Buehl appeals from an order entered on March 9, 1990, denying without a hearing his petition for relief under

the Post–Conviction Hearing Act ("PCHA"). 42 Pa.C.S. § 9541 *et seq.*[1] We affirm.

On February 1, 1983, Buehl pled guilty to robbery and carrying a firearm without a license. *See* 18 Pa.C.S. §§ 3701, 6106. On March 14, 1983, Buehl was sentenced to a term of imprisonment of seven and one-half to twenty years for robbery and a consecutive term of two and one-half to five years for the charge of carrying a firearm without a license. Buehl did not file a motion to withdraw the guilty plea or modify the sentence, nor did he take an appeal.

On December 1, 1987, Buehl filed a *pro se* petition for relief under the PCHA. Thereafter, counsel was appointed and an amended petition for relief was filed alleging that his former counsel's ineffectiveness resulted in the entry of an invalid plea. Specifically, Buehl maintained that because he was induced to confess to the instant crimes by Montgomery County officials he had no choice but to plead guilty in Philadelphia County.[2] Buehl contended that he should have been advised that this confession could be used against him in the Philadelphia proceedings.

Following argument, Buehl's petition was dismissed without an evidentiary hearing. In its opinion, the PCHA court stated that although Buehl maintained that there were errors in the guilty plea proceeding, Buehl did not substantiate these allegations nor did he provide the court with the transcript of the challenged proceeding. The PCHA court concluded that Buehl's failure to support his claims and his failure to supply the relevant transcripts were fatal to his petition.

On appeal Buehl advances the following issues:

1. The PCHA was modified in part, repealed, and renamed the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S. §§ 9541–9546. The PCRA applies to all actions for collateral relief instituted after its effective date of April 13, 1988. Since Buehl's petition for collateral relief was instituted on December 1, 1987, it is governed by the provisions of the PCHA. *Commonwealth v. Lawson,* 519 Pa. 504, 506 n. 1, 549 A.2d 107, 108 n. 1 (1988).

2. When Buehl confessed to the Philadelphia crimes he was being prosecuted for murder in Montgomery County.

I. The trial court erred in upholding a motion to dismiss based upon lack of presentation of the notes of testimony when the lack of such notes was clearly due to the failure of court administration to supply them.

II. Mere delay in filing a petition should not be grounds for upholding a motion to dismiss a PCHA petition.

III. A PCHA petition may not be dismissed on the grounds that a faulty guilty plea must be appealed to the trial court if the cause for fault i[s] ineffective assistance of counsel.

Initially, Buehl argues that it was error for the trial court to dismiss his post-conviction petition without a hearing because he did not supply the relevant notes of testimony. Buehl maintains that although he attempted to obtain the notes of testimony, the trial court failed to produce them. Consequently, Buehl requests that we order an evidentiary hearing to be held to take testimony on what actually occurred at the guilty plea proceeding.

Buehl next argues that it was error for the trial court to dismiss his PCHA petition without a hearing simply because he waited over four years to mount any challenge to his plea of guilty. Lastly, Buehl claims that it was trial counsel ineffectiveness that "created the damaged guilty plea ...," and that the trial court should not have dismissed the claim because Buehl failed to file a motion to withdraw the guilty plea. *See* Pa.R.Crim.P. 321.[3] In support of his claim of trial counsel ineffectiveness, Buehl basically reiterates the arguments advanced in his PCHA petition.

We feel that Buehl's three issues can be addressed simultaneously. Despite his protestations concerning the PCHA court's treatment of his post-conviction petition, Buehl, by alleging trial counsel ineffectiveness, is essentially attempt-

---

**3.** Pennsylvania Rule of Criminal Procedure 321 provides in pertinent part:

(a) A motion challenging the validity of a guilty plea, or the denial of a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence.

Pa.R.Crim.P. 321(a).

ing to withdraw his guilty plea after sentence has been imposed.[4]

> The standard for granting a withdrawal of a guilty plea following sentencing is that of "manifest injustice." That is, a defendant is entitled to withdraw a plea of guilty as a matter of right where the court finds that it was not voluntarily and intelligently made.... However, the burden is on the petitioner to prove involuntariness.

*Commonwealth v. Phillips*, 374 Pa.Super. 219, 222, 542 A.2d 575, 576 (1988) (citations omitted).

To prevail on a claim of ineffectiveness, an appellant must first prove that the underlying claim is of arguable merit. *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989). If so, the appellant must next prove that the particular course chosen by counsel could not have had any reasonable basis designed to effectuate the client's interest. *Id.* Finally, the appellant must demonstrate how the ineffectiveness prejudiced him by illustrating that counsel's conduct had an adverse effect on the outcome of the proceedings. *Id.; Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). More specifically, counsel will be found ineffective in connection with the entry of guilty plea only where the alleged ineffectiveness *"caused* the defendant to enter an *involuntary or unknowing plea."* *Commonwealth v. Klinger*, 323 Pa.Super. 181, 197, 470 A.2d 540, 548 (1983) (emphasis original).

Here, Buehl has not provided this court with the transcripts of the guilty plea proceeding nor has he provided us with any record to support his claims of ineffectiveness. We remind Buehl that it is the appellant's responsibility to supply this court with a complete record for pur-

4. We note that since Buehl is alleging that his guilty plea was unlawfully induced by counsel's ineffectiveness, he has not waived this claim by failing to file a motion to withdraw his guilty plea. *Commonwealth Lantzy*, 284 Pa.Super. 192, 425 A.2d 768 (1981). *See* Pa.R.Crim.P. 321.

poses of appeal. Pa.R.A.P. 1911;[5] *Commonwealth v. Hawk,* 386 Pa.Super. 183, 562 A.2d 858 (1989) (Cirillo, P.J., dissenting); *Commonwealth v. Williams,* 357 Pa.Super. 462, 466, 516 A.2d 352, 354 (1986). *See also* 1 Pennsylvania Appellate Practice § 1911:2 (1986). Further, an appellate court may only consider facts which have been duly certified in the record on appeal. *Commonwealth v. Young,* 456 Pa. 102, 115, 317 A.2d 258, 264 (1974); 1 Pennsylvania Appellate Practice § 1921:1 (1986).

■ Moreover, Pennsylvania Rule of Appellate Procedure 1923[6] provides that if a transcript is unavailable, the appellant may prepare a statement of the proceedings from the best available means, including his or her recollection. Pa. R.A.P. 1923.[7] The statement may then be served upon the appellee who, within ten days, may raise objections or propose changes to the statement. *Id.* Thereafter, the statement must be submitted to the relevant trial court for approval and the statement, as approved, will then be

---

5. Pennsylvania Rule of Appellate Procedure 1911 provides in relevant part:

    (a) **General Rule.** The appellant shall order any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 5000.1 et seq. of the Pennsylvania Rules of Judicial Administration (court reporters).

    Pa.R.A.P. 1911(a).

6. **Rule 1923. Statement in Absence of Transcript**

    If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

    Pa.R.A.P. 1923.

7. Rule 1923's purpose is to provide reviewing courts with an "equivalent picture" of the proceedings when there is not a transcription. *See Smith v. Mason,* 328 Pa.Super. 314, 316 n. 1, 476 A.2d 1347, 1348 n. 1 (1984); *Nemeth v. Nemeth,* 306 Pa.Super. 47, 56, 451 A.2d 1384, 1389 (1982). *See also Hawk, supra* (Cirillo, P.J., dissenting).

included in the record on appeal. *Id.* Consequently, even though Buehl was allegedly unable to obtain the notes of testimony from the guilty plea proceeding, he, pursuant to Pa.R.A.P. 1923, could have provided this court with a statement in absence of the transcript. *See Hawk, supra* (Cirillo, P.J., dissenting); 1 Pennsylvania Appellate Practice § 1923.1 (1986).

Without any official record to buttress Buehl's unsupported allegations of trial counsel ineffectiveness, we cannot conclude that the PCHA court erred in dismissing Buehl's post-conviction petition without a hearing. 42 Pa. C.S. § 9549(b); *Cf. Commonwealth v. Early,* 377 Pa.Super. 219, 228, 546 A.2d 1236, 1240 (1988) (where appellant's claims of ineffectiveness were meritless, the trial court did not err in failing to grant an evidentiary hearing).

Also, contrary to Buehl's assertions, the PCHA court did not dismiss his post-conviction petition because it was filed more than four years after sentence was imposed and because Buehl did not originally file a petition to withdraw his guilty plea. *See* Pa.R.Crim.P. 321. Although the PCHA court referred to Buehl's delay in challenging his guilty plea, it correctly stated that such delay was not dispositive of his claim. *See Commonwealth v. Taylor,* 348 Pa.Super. 256, 502 A.2d 195 (1985). Finally, because Buehl's claims of ineffectiveness in connection with the entry of his guilty plea are not supported in the record, we cannot conclude that the alleged ineffectiveness caused Buehl to enter into an involuntary or unknowing plea. *Phillips, supra; Klinger, supra.*

Order affirmed.