J. S11011/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
KEMOH A. RODGERS, :
: No. 989 EDA 2015
Appellant :


Appeal from the Judgment of Sentence, March 18, 2015,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-SA-0000664-2014


BEFORE: FORD ELLIOTT, P.J.E., OTT AND MUSMANNO, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MARCH 03, 2016**

Kemoh A. Rodgers appeals, **_pro se_**, from the judgment of sentence of March 18, 2015, following his conviction of summary traffic offenses. We find that appellant's failure to comply with the appellate rules prevents meaningful judicial review, and, therefore, we dismiss the instant appeal.

On August 27, 2014, appellant was issued multiple traffic citations for Operating a Commercial Vehicle not Equipped as Required, including Failure to have Flares or Triangles and Failure to Display Company Name or DOT Number on Truck.[1] (Trial court opinion, 9/22/15 at 1.) Appellant was also cited for Failure to Wear a Seatbelt and Driving a Vehicle in an Unsafe Condition. (**_Id._**) On October 21, 2014, appellant was found guilty of all

---

[1] 75 Pa.C.S.A. § 4107(b)(2).

offenses by a magisterial district judge. (*Id.*) Appellant appealed and a trial *de novo* was held on March 18, 2015. (*Id.*) Appellant was found guilty of all charged offenses except for Failure to have Fire Extinguisher, of which he was found not guilty. (*Id.*)

A timely notice of appeal was filed on April 8, 2015. Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

On appeal, appellant challenges the sufficiency of the evidence, arguing, *inter alia*, that the Commonwealth failed to prove his truck was in excess of the legal weight limit or that he was engaged in interstate commerce. (Appellant's brief at 1.) As both the trial court and Commonwealth observe, the transcripts from the March 18, 2015 trial do not appear anywhere in the record. Apparently, appellant failed to request them. (Trial court opinion, 9/22/15 at 2.)

> It is Appellant's responsibility to supply this Court with a complete record for purposes of appeal, Pa.R.A.P. 1911, and we may not consider any information which is not contained in the certified record. *Smith v. Smith*, 431 Pa.Super. 588, 637 A.2d 622, 624 (Pa.Super. 1994) ('[A] failure by an appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue sought to be examined.'); *Commonwealth v. Quinlan*, 488 Pa. 255, 412 A.2d 494 (1980); *Commonwealth v. Buehl*, 403 Pa.Super. 143, 588 A.2d 522 (Pa.Super. 1991).

*Commonwealth v. Hallock*, 722 A.2d 180, 182 (Pa.Super. 1998).

As in **Hallock**, **supra**, a review of the certified record shows that no request for the transcript of trial pursuant to Rule 1911(a) was ever made by appellant. It is not the responsibility of this court to obtain the necessary transcripts. **Commonwealth v. Preston**, 904 A.2d 1, 7-8 (Pa.Super. 2006) (citation omitted). **See also Commonwealth v. Steward**, 775 A.2d 819, 833 (Pa.Super. 2001), **appeal denied**, 792 A.2d 1253 (Pa. 2001) ("To the contrary, Pa.R.A.P. 1911 makes it abundantly plain that it is the responsibility of the Appellant to order all transcripts necessary to the disposition of his appeal."), citing **Commonwealth v. Williams**, 715 A.2d 1101, 1103 (Pa. 1998). In fact, the trial court specifically noted that appellant's failure to secure the trial transcripts was a hindrance to its review of the issues. (Trial court opinion, 9/22/15 at 2.)

Furthermore, we note that appellant has filed a one-page brief that does not comply with the Rules of Appellate Procedure.

> Although this Court is willing to construe liberally materials filed by a **pro se** litigant, **pro se** status generally confers no special benefit upon an appellant. Accordingly, a **pro se** litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

**Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa.Super. 2003), **appeal denied**, 879 A.2d 782 (Pa. 2005), citing **Commonwealth v. Maris**, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993); Pa.R.A.P. 2101.

J. S11011/16

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2016