J-S69017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
              v.   :
  :
  :
RASHAWN TAHI KNOX   :
  :
         Appellant   :   No. 498 MDA 2018

Appeal from the Order Entered February 20, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000772-2014

BEFORE: BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

JUDGMENT ORDER BY LAZARUS, J.:       **FILED NOVEMBER 20, 2018**

Rashawn Tahi Knox appeals from the order, entered in the Court of Common Pleas of Dauphin County, denying his motion to dismiss on double jeopardy grounds. We dismiss the appeal.

The factual basis for the underlying prosecution in this matter is immaterial to our disposition. On March 11, 2015, Knox was convicted of attempted homicide and related charges. He was sentenced on May 12, 2015 and filed an appeal. On June 21, 2016, this Court vacated Knox's judgment of sentence and remanded the case for a new trial.[1]

---

[1] In remanding Knox's case for a new trial, this Court concluded that the trial court committed reversible error when it failed to determine whether a certified interpreter was available to assist a Spanish-speaking witness and, instead, allowed the witness' sister – who was also a Commonwealth witness at trial – to translate for him.

On October 30, 2017, Knox filed a motion to dismiss the prosecution on double jeopardy grounds, alleging prosecutorial misconduct during the course of his first trial. The Commonwealth filed a response on November 15, 2017. The trial court held a hearing on February 20, 2018, at which time it denied Knox's motion.

Knox filed a timely notice of appeal and a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), in which he alleged that the trial court had erred in denying his motion to dismiss. On May 1, 2018, the trial court issued its Rule 1925(a) opinion. In that opinion, the court noted that Knox had failed to order the transcription of the notes of testimony from the February 20, 2018 hearing on his motion to dismiss, at which time Deputy District Attorney Christopher Jason, the prosecutor in this matter, testified. As a result, and in light of the "clear necessity of reviewing the hearing transcripts," the court found itself to be "at a loss in writing a complete [o]pinion to comply with the Pennsylvania Rules of Appellate Procedure[.]" Trial Court Opinion, 5/1/18, at 6.

> It is Appellant's responsibility to supply this Court with a complete record for purposes of appeal, Pa.R.A.P. 1911, and we may not consider any information which is not contained in the certified record. **Smith v. Smith**, [] 637 A.2d 622, 624 (Pa. Super. 1994) ('[A] failure by an appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue sought to be examined.'); **Commonwealth v. Quinlan**, [] 412 A.2d 494 ([Pa.] 1980); **Commonwealth v. Buehl**, [] 588 A.2d 522 (Pa. Super. 1991).

**Commonwealth v. Hallock**, 722 A.2d 180, 182 (Pa. Super. 1998).

Here, a review of the certified record shows that Knox made no request for transcription of the February 20, 2018 hearing pursuant to Rule 1911(a). It is not the responsibility of this Court to obtain the necessary transcripts. ***Commonwealth v. Preston***, 904 A.2d 1, 7-8 (Pa. Super. 2006). When an appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript must be deemed waived for the purpose of appellate review. ***Id.*** at 7. ***See also Commonwealth v. Steward***, 775 A.2d 819, 833 (Pa. Super. 2001) (Rule 1911 "makes it abundantly plain that it is the responsibility of the Appellant to order all transcripts necessary to the disposition of his appeal.") (citation omitted).

Here, the trial court specifically noted in its Rule 1925(a) opinion that Knox's failure to secure the hearing transcripts was a hindrance to its review of Knox's claim. ***See*** Trial court opinion, 5/1/18, at 6. Likewise, this Court's review of Knox's appellate claim regarding prosecutorial misconduct, which requires a review of the testimony of DDA Jason, is substantially impaired by the absence of the hearing transcript. Accordingly, Knox has waived his sole appellate claim. ***Preston***, ***supra***.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2018